The Honorable BENJAMIN H SETTLE
Magistrate J. RICHARD CREATURA

# THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON

Tacoma Division

Unlimited Jurisdiction

| | |
|---|---|
| **Patrick W. Nelson**, an individual; **Colette Rapp**, an individual<br>　　　　Plaintiffs;<br><br>　　　　vs.<br><br>**Department Of Corrections Officers Nicholas Weber And Michael Poston**, In Their Official And Individual Capacity; **Does 1 Through 5** Who Are Employees Of The United States Marshall's Service And Who Are Named In Their Individual Capacity; **Does 10 Through 15** Who Are Employees Of The Kitsap County Sheriff's Office Named In Their Individual Capacity.<br><br>　　　　Defendants | Case No.: 3:16-CV-05680 BHS-JRC<br><br>**First Amended Complaint for Violation Of 42 U.S.C. 1983; Excess Force; 42 U.S.C. 1986 For Conspiracy and Failure to Prevent a Violation of Civil Rights and State Torts of Battery**<br><br>Filed:  November 9, 2016 |

Comes now Patrick W. Nelson pursuant to the Courts Order of October 24, 2016 and hereby submits his First Amended Complaint.

Nelson v Weber et.al..
First Amended Complaint
C16 5680 BHS-JRC

Page 1

The Law Office of Olmstead & Somers LLC
Tom Olmstead & Douglas Somers
P.O. Box 68
Poulsbo WA 98370   360-799-8980
Lawoffice@tomolmstead.com

M. Jeffery Kallis SBN 27855
The Law Firm of *Kallis* & Associates, P.C.
321 High School Rd D3 Bainbridge WA 98110
888-441 1529 or 206 317 6287

Jeff_Kallis@Kallislaw.com

## PRELIMINARY STATEMENT

This is an action for damages sustained by a citizen of the United States against: The State of Washington Department of Corrections Employees Nicholas Weber and Michael Poston and , Members of the United States Marshall's Service who have yet to be specifically identified and Agents of the Kitsap County Sheriff's Office, who have yet to be specifically identified, as the employer of the police personnel involved in the misconduct underlying this Complaint

(a)      Certain Law Enforcement officers of the Washington State Department of Corrections who were assigned to work with the U.S. Marshall's Service, Members of the U.S. Marshall Service assigned to the Western Washington Felon Task Force and Members of the Kitsap County Sheriff's Office, who both used their vehicles to ram Rapp's car which contained both Plaintiffs and used excessive and unreasonable force when they shot the unarmed plaintiff, fabricated evidence to cover-up their use of excess force and failed to provide timely and needed medical service. They are sued as persons under 42 U.S.C. §§ 1983; 1985 and 1986 as well as § 1988.

## FEDERAL JURISDICTION AND VENUE

1      This action is brought pursuant to 42 U.S.C. §§1983 and 1988 and the Fourth, Amendments and 14th Amendment to the United States Constitution as well as any pendant state claims for which this court has jurisdiction under 28 USC 1367.

2      The jurisdiction of this Court is predicated on 28 U.S.C. §§ 1331, 1343, 1345, and 1367.

3      The proper venue for this case is the Tacoma Division of the United States District Court for the Western District of Washington because all of the acts, omissions, violations, events, and conduct alleged herein occurred in Kitsap County, Washington.

## PARTIES

Nelson v Weber et.al..
First Amended Complaint
C16 5680 BHS-JRC

The Law Office of Olmstead & Somers LLC
Tom Olmstead & Douglas Somers
P.O. Box 68
Poulsbo WA 98370   360-799-8980
Lawoffice@tomolmstead.com

M. Jeffery Kallis SBN 27855
The Law Firm of *Kallis* & Associates, P.C.
321 High School Rd D3 Bainbridge WA 98110
888-441 1529 or 206 317 6287

Page  2

Jeff_Kallis@Kallislaw.com

4       **Plaintiff Patrick Nelson** is, and at all times relevant to the allegations of this Complaint was, a resident the state of Washington and a citizen of the United States (hereinafter "Nelson" or "Plaintiff"). **Plaintiff Colette Rapp** is, and at all times relevant to the allegations of this Complaint was, a resident the state of Washington and a citizen of the United States (hereinafter "Rapp" or "Plaintiff")

5       At all times relevant hereto, defendant **Michael Poston** was a Corrections officer employed by the Washington State Department of Corrections (hereinafter DOC) and assigned to perform duties in the State of Washington with The United States Marshal's Office Pacific Northwest Violent Offender Task Force. At all relevant times, he was acting in such capacity as the agent, servant, and employee of the DOC. He is sued individually capacity (hereinafter **"Poston"**).

6       At all times relevant hereto, defendant **Nicholas Weber** was a Corrections officer employed by the Washington State Department of Corrections (hereinafter DOC) and assigned to perform duties in the State of Washington with The United States Marshal's Office Pacific Northwest Violent Offender Task Force (hereinafter Task Force.). At all relevant times, he was acting in such capacity as the agent, servant, and employee of the DOC. He is sued individually capacity (hereinafter **"Weber"**).

7       Plaintiffs are unaware of the true identities or capacities of DOES 1 through 5 and DOES 10-15, as discovery has not commenced and many of the documents identifying the DOE defendants will only be produced in redacted form or under a protective order. On that basis Plaintiffs sue them under fictitious names. Plaintiff is informed, and believe, and thereon allege that each defendant sued herein fictitiously is responsible in some manner for the events and occurrences referred to herein. Once Plaintiffs discover the true identity and capacities of the DOE Defendants, Plaintiffs will amend their Complaint to identify them by their true names and capacities.

8       Plaintiffs are further informed and believe, and thereon allege, that at all

Nelson v Weber et.al..
First Amended Complaint
C16 5680 BHS-JRC

The Law Office of Olmstead & Somers LLC
Tom Olmstead & Douglas Somers
P.O. Box 68
Poulsbo WA 98370   360-799-8980
Lawoffice@tomolmstead.com

M. Jeffery Kallis SBN 27855
The Law Firm of *Kallis* & Associates, P.C.
321 High School Rd D3 Bainbridge WA 98110
888-441 1529 or 206 317 6287

Page 3

Jeff_Kallis@Kallislaw.com

times referred to herein, each defendant, including DOES 1 through 15, inclusive, were the principal, agent, employer, or employee, of each of the other defendants, and were acting within the course and scope of that agency or employment and under color of law at all times relevant hereto. Further, the acts of defendants, and each of them were ordered, approved, adopted, ratified, or acquiesced in by the remaining defendants, and each of them.

### Allegations Common To All Claims

9    All actions complained of or alleged herein occurred in the State of Washington.

10    Plaintiff's filed this action within the required statute of limitations.

11    On or before April 27, 2014, Plaintiff, a male Caucasian, was a suspect in a burglary and an arrest warrant for him had been issued.

12    At or about 5 PM on the 28th of April 2014, officers in unmarked cars were following a vehicle associated with Plaintiff's girlfriend, Plaintiff Colette Rapp. That vehicle was a silver Chevy Blazer, Washington License 046ZCN.

13    At or about 5 PM on the 28th of April 2014, Officer Nicholas L. Weber (DOC) was driving a black Nissan Pathfinder, Washington license 780ZUK.

14    At or about 5 PM on the 28th of April 2014, Officer Michael A. Poston (DOC) was driving a silver Infinity Washington license 914XLL.

15    On 04/28/14 at approximately 1719, a member of the US Marshal Task Force observed Plaintiff Nelson in the right front passenger seat of the Blazer. Plaintiff Rapp was driving the Blazer.

16    A task Force Officer observed the Blazer turn into the Forest Ridge Park located at 1st Street and Summit Avenue.

17    Task Force Officer Weber and Task Force Officer Poston alerted other task force members of the location of the Blazer.

Nelson v Weber et.al..
First Amended Complaint
C16 5680 BHS-JRC

The Law Office of Olmstead & Somers LLC
Tom Olmstead & Douglas Somers
P.O. Box 68
Poulsbo WA 98370   360-799-8980
Lawoffice@tomolmstead.com

M. Jeffery Kallis SBN 27855
The Law Firm of Kallis & Associates, P.C.
321 High School Rd D3 Bainbridge WA 98110
888-441 1529 or 206 317 6287

Page 4

Jeff_Kallis@Kallislaw.com

18      The Blazer was observed parked at the end of the cul-de-sac facing roughly east.

19      The Blazer was observed backed into the northwest corner of the cul-de-sac, and was parked.

20      Nelson was sitting in the passenger's seat and Rapp was in the driver's seat when they parked the vehicle in the cul-de-sac.

21      Rapp and Nelson were on the Right side of the road when viewed from the driver's seat of their vehicle.

22      The pathfinder was to the driver's side of the infinity, driving in the opposite direction of the Blazer.

23      As Poston and Weber approached the blazer from the south, Rapp started her car and began to move forward very slowly.

24      As the other cars approached the Blazer, Rapp stepped on both the gas and the break at the same time. As she did this the Pathfinder was closing at a high rate of speed, and the Infinity was in front of her on the left. She was unable to turn to the left, and away from the Pathfinder because the Infinity was boxing her in.

25      The infinity actually struck the left front of the Blazer. As can be seen in Photo IMG_0019 there is slight damage to the right front bumper of the infinity where the front wheel of the Blazer appears to have been hit by the infinity.


IMG_0019

Nelson v Weber et.al..
First Amended Complaint
C16 5680 BHS-JRC

The Law Office of Olmstead & Somers LLC
Tom Olmstead & Douglas Somers
P.O. Box 68
Poulsbo WA 98370   360-799-8980
Lawoffice@tomolmstead.com

M. Jeffery Kallis SBN 27855
The Law Firm of Kallis & Associates, P.C.
321 High School Rd D3 Bainbridge WA 98110
888-441 1529 or 206 317 6287

Page 5

Jeff_Kallis@Kallislaw.com

26      The damage to the Blazer is on the front drivers side, and the crush pattern shows that the impact was on the left front of the Blazer.  There is no fender crush on the right fender, but there is substantial crush on the left front fender.



IMG_0054



IMG_0058

The rear of the Blazer was forced to the right by the impact of the Pathfinder, further showing that the Pathfinder, traveling at a high rate of speed struck the Blazer with sufficient force to move the rear of the Blazer four or five feet sideways.



IMG_0163



IMG_0159

Nelson v Weber et.al..
First Amended Complaint
C16 5680 BHS-JRC

The Law Office of Olmstead & Somers LLC
Tom Olmstead & Douglas Somers
P.O. Box 68
Poulsbo WA 98370   360-799-8980
Lawoffice@tomolmstead.com

M. Jeffery Kallis SBN 27855
The Law Firm of Kallis & Associates, P.C.
321 High School Rd D3 Bainbridge WA 98110
888-441 1529 or 206 317 6287

Page 6

Jeff_Kallis@Kallislaw.com

27     Image IMG_0024, IMG_0028 and IMG_0077 shows no rearward skid of the Pathfinder that would have resulted if it was hit by the Blazer, which defendants claim was moving at a high rate of speed.



IMG_0024



IMG_0028



IMG_0077

Immediately before the collision, Rapp tried to drive around the oncoming cars by moving to the right. "Rapp said she believed the one cop rammed into her." (Bremerton PD report p. 3)

28     Defendants did not indicate that they were officers until they were very, very close (less than 20 feet), at which time they turned on their flashing lights. Rapp stated when asked if she could estimate how long it was from when the officers' blue lights came on until the collision. "it seemed like it happened almost instantly" was her response.

29     The shots occurred without warning, or any communications, from the driver of the Pathfinder. There was no indication that the officer was about to use deadly

Nelson v Weber et.al..
First Amended Complaint
C16 5680 BHS-JRC

The Law Office of Olmstead & Somers LLC
Tom Olmstead & Douglas Somers
P.O. Box 68
Poulsbo WA 98370   360-799-8980
Lawoffice@tomolmstead.com

M. Jeffery Kallis SBN 27855
The Law Firm of *Kallis* & Associates, P.C.
321 High School Rd D3 Bainbridge WA 98110
888-441 1529 or 206 317 6287

Page 7

Jeff_Kallis@Kallislaw.com

force. There was no verbal assertion of authority or orders to freeze or show your hands or any other orders from any officer prior to the firing of multiple shots.

30  Neither Plaintiffs were armed with a gun, or knife or other weapon at any time when they were confronted by the defendants.

31  Rapp used the vehicle to try to get around the oncoming cars, not to hit them. Those cars, driven by the defendants, swerved into the Blazer causing the collision.

32  Immediately upon impact, Defendant Weber, while still in the Pathfinder, fired 18 rounds through his windshield. Those rounds were aimed at the passenger of the Blazer, Plaintiff Nelson.

33  Since Rapp was the driver of the Blazer, and Nelson a passenger, any attempt to keep the vehicle from being used as a weapon would have resulted in shots being fired at the driver, not the passenger.

34  Nelson was hit in the head, and still has bullet fragment inside his skull. He also was hit in the wrist and has bullet fragments imbedded therein.

35  Nelson's hands were up over his head when he was shot in the wrist.

36  Even after having shot Nelson twice, and with Nelson exhibiting no resistance, Weber continued to discharge rounds towards the unarmed and passive Nelson.

37  After being shot Nelson was placed on the ground and did not receive EMS treatment in a timely fashion. This appears to be due to a misdiagnosis by the members of the Task Force of the injuries he sustained. They thought the head wound was due to some flying glass and did not see a gunshot wound to the wrist.

38  As a direct and proximate result of the bullet entering his head Plaintiff suffers head and neck pain and the shot to the wrist has resulted in limited motion and pain. He also suffers emotional pain and fear as a result of being attacked by the police.

39  Plaintiff Rapp was struck by flying glass from the gun shots and was whip lashed back and forth as a result of her vehicle being rammed by the Pathfinder. These injuries did and are causing her physical injury and emotional pain.

Nelson v Weber et.al..
First Amended Complaint
C16 5680 BHS-JRC

The Law Office of Olmstead & Somers LLC
Tom Olmstead & Douglas Somers
P.O. Box 68
Poulsbo WA 98370  360-799-8980
Lawoffice@tomolmstead.com

M. Jeffery Kallis SBN 27855
The Law Firm of Kallis & Associates, P.C.
321 High School Rd D3 Bainbridge WA 98110
888-441 1529 or 206 317 6287

Page 8

Jeff_Kallis@Kallislaw.com

40      Plaintiffs are informed and believe, and thereon alleges, that these injuries and the resulting medical and physical manifestations of those injuries are permanent.

### First Cause Of Action – Count 1 - Violation of 42 USC 1983 – Excess Force Vehicle

41      Plaintiffs Nelson and Rapp incorporates by reference, as if fully set forth herein, paragraphs 1 through paragraph 40.

42      On the April 28, 2014, plaintiff Nelson was subject to an arrest warrant for burglary.  Law enforcement officers located him in Forrest Ridge Park within the City of Bremerton Washington. He was a passenger in a vehicle that was parked when two cars approached.

43      The Driver of the car, Plaintiff Rapp, attempted to go around the approaching cars. Those approaching cars, unbeknownst to Plaintiffs, were in fact undercover police vehicles. These vehicles did not activate their flashing lights until they were literally within feet of the car the plaintiffs were in.

44      Neither Plaintiffs were armed. Neither Plaintiffs threatened the approaching officers. Neither Plaintiffs communicated with the approaching officers and the approaching officers did not attempt to communicate with the Plaintiffs before they rammed the Blazer.[1]

45      The defendants, Weber and Poston, never spoke to or communicated their status as officers, or that they were going to use deadly force unless Plaintiffs surrendered. [2]

46      Plaintiffs did not refuse to obey any lawful order or ignore any instructions that the defendants could have given them.

47      Defendant Poston ran his car into the left front wheel of the Blazer. This use of his automobile as an offensive weapon was not in response to any threat on the part of

---

[1] The Defendants could have used the electronic hailer to announce that they were law enforcement and order the plaintiffs to stop and surrender or face the use of force.

[2] Defendants knew that Rapp was not wanted and was "an innocent citizen".

| | | |
|---|---|---|
| Nelson v Weber et.al.. | The Law Office of Olmstead & Somers LLC | M. Jeffery Kallis SBN 27855 |
| First Amended Complaint | Tom Olmstead & Douglas Somers | The Law Firm of *Kallis & Associates, P.C.* |
| C16 5680 BHS-JRC | P.O. Box 68 | 321 High School Rd D3 Bainbridge WA 98110 |
| | Poulsbo WA 98370   360-799-8980 | 888-441 1529 or 206 317 6287 |
| | Lawoffice@tomolmstead.com | |
| Page 9 | | Jeff_Kallis@Kallislaw.com |

the Plaintiffs. This use of deadly force was unjustified as Plaintiffs had not acted recklessly or endangered anyone through reckless driving. The driver merely turned her car towards the shoulder to get around the approaching cars.

48    The approaching cars did not have emergency lights on until they had swerved to ram the vehicle Plaintiffs were in and they were within a few feet of the Blazer.

49    Weber swerved his vehicle so that he would strike the Blazer on the left front of the Blazer. He made contact with the center of his car into the left front bumper of the Plaintiffs' vehicle . The use of a 4600 pound car as a weapon was excessive and unnecessary as the Plaintiffs had done nothing to threaten or endanger Weber.

50    Both Weber and Poston acted intentionally in using their vehicles as a weapon and acted with reckless disregard of the Plaintiff's rights.

51    The excessive, unwanted, unauthorized and unnecessary use of vehicles as a weapon; and using that weapon on unarmed and non-threatening citizens by the defendants was done under color of authority.

52    Both Plaintiffs were injured as a direct and proximate result of the actions of the defendants in an amount to be proven at trial. The action undertaken by defendants were malicious, oppressive, wicked, and reckless and subject defendants to exemplary damages as well as special and general damages and fees as allowed by 42 U.S.C. 1988.

### FIRST CAUSE OF ACTION - COUNT 2 - VIOLATION OF CIVIL RIGHTS AS PROTECTED BY THE 4TH AMENDMENT OF THE UNITED STATES CONSTITUTION; 42 U.S.C.§ 1983 APPLIED TO THE STATES BY THE 14TH AMENDMENT - THE USE OF EXCESS FORCE HANDGUN

53    Plaintiff incorporates by reference as if fully set forth herein paragraphs 1 through paragraph 52.

54    After Weber rammed his vehicle into the car in which Plaintiff was a passenger, Weber, knowing that neither plaintiff nor the driver of the Blazer had threatened him with a firearm or other weapon, and without giving any warning or

Nelson v Weber et.al..
First Amended Complaint
C16 5680 BHS-JRC

The Law Office of Olmstead & Somers LLC
Tom Olmstead & Douglas Somers
P.O. Box 68
Poulsbo WA 98370   360-799-8980
Lawoffice@tomolmstead.com

M. Jeffery Kallis SBN 27855
The Law Firm of Kallis & Associates, P.C.
321 High School Rd D3 Bainbridge WA 98110
888-441 1529 or 206 317 6287

Page 10                                                                      Jeff_Kallis@Kallislaw.com

identifying himself, did draw his 9 mm hand gun and empty the 18 shots in it firing directly towards Plaintiff Nelson, who was still sitting quietly in the blazer.

55     Even after the Plaintiff had raised his hands, Weber continued to fire and bullets continued to strike the Plaintiff Nelson. Glass fragments struck Plaintiff Rapp who was no threat of immediate injury to defendants.

56     Weber fired these shots while still sitting in the Pathfinder in the driver's seat. The rounds were fired through the windshield of the Pathfinder and through the windshield of the Blazer.

57     The two bullets that hit Plaintiff Nelson, are permanently lodged within his body and cause him serious medical harm including chronic and substantial pain, reduced use of his right hand. Plaintiff also suffers from head pain as a result of bullet fragment that are still within his skull. Furthermore, Plaintiffs suffers from emotional injury as a result of the trauma of being shot, or shot at, while sitting in a vehicle that had just been rammed Plaintiff Nelson suffered additional emotional injury as he was shot after having raised his hand in surrender.

58     At no time did Weber observe a weapon in the possession of the Plaintiffs.

59     At no time did Plaintiffs threaten, assault or pose an immediate threat to the Defendants or any other person, as Plaintiff was unarmed and fleeing. The only dangers were caused by the defendants reckless and unnecessary ramming of the Blazer, without identifying themselves or giving the occupants of the Blazer an opportunity to surrender. The Defendants then further endangered others by firing 18 rounds through a car windshield at unarmed individuals. This risk ricochets into the neighborhood and injury to innocent by standers.

60     Weber used deadly force on an unarmed and fleeing citizen solely to prevent the unarmed suspects potential, not actual flight.

61     The use of deadly force in this circumstance violated the plaintiff's civil rights as provided by the Constitution of the State of Washington, The Constitution of the United States as applied to the states by the 14th amendment and 42 U.S.C §1983.

Nelson v Weber et.al..            The Law Office of Olmstead & Somers LLC      M. Jeffery Kallis SBN 27855
First Amended Complaint          Tom Olmstead & Douglas Somers                The Law Firm of Kallis & Associates, P.C.
C16 5680 BHS-JRC                 P.O. Box 68                                  321 High School Rd D3 Bainbridge WA 98110
                                 Poulsbo WA 98370   360-799-8980              888-441 1529 or 206 317 6287
                                 Lawoffice@tomolmstead.com
Page 11                                                                       Jeff_Kallis@Kallislaw.com

62      Plaintiff requests compensatory damages and special damages to be proven at trial, injunctive relief, attorneys fees as allowed by statute under 42 U.S.C. 1988.

63      Roberts acted maliciously and oppressively, engaging in despicable conduct with a willful and conscious disregard of the rights and safety of plaintiffs.  In addition, defendant engaged in despicable conduct that subjected plaintiffs to cruel and unjust hardship in conscious disregard of plaintiffs' civil rights.  Plaintiffs are therefore entitled to exemplary damages in an amount to be proven at trial.

### SECOND CAUSE OF ACTION – THE COMMON LAW TORT OF BATTERY.

64      Plaintiff incorporates by reference as if fully set forth herein paragraphs 1 through paragraph 63.

65      Plaintiffs took no action that would justify Defendants using deadly force or a dangerous weapon against their person.

66      Plaintiff Nelson was subject to an offensive touching, to wit, either being shot with 9mm handgun bullets, which made offensive contact with his skull and wrist, or being subject to the impact of their car being rammed by a 4600 pound weapon.

67      Plaintiff Rapp were subject to an offensive touching, to wit, being in a car that was rammed by not one vehicle, but by two vehicles. The force used destroyed two of the three vehicles, including the vehicle she was riding in.

68      Plaintiffs never consented to such offensive touching.

69      Plaintiffs took no actions which could be seen as placing the defendants, or others, in imminent danger of great bodily harm.

70      Defendants did not identify themselves, nor did they give the plaintiff any instructions. Defendants had no legal justification to use the extreme force to effectuate an arrest, which they had not yet attempted to make, yet used as their initial means of contact.

71      Plaintiffs were injured as a direct and proximate result of the defendants conduct.

Nelson v Weber et.al..
First Amended Complaint
C16 5680 BHS-JRC

The Law Office of Olmstead & Somers LLC
Tom Olmstead & Douglas Somers
P.O. Box 68
Poulsbo WA 98370   360-799-8980
Lawoffice@tomolmstead.com

M. Jeffery Kallis SBN 27855
The Law Firm of Kallis & Associates, P.C.
321 High School Rd D3 Bainbridge WA 98110
888-441 1529 or 206 317 6287

Page 12                                                                                          Jeff_Kallis@Kallislaw.com

## Third Cause Of Action - Violation of 42 USC 1985 – Conspiracy

72   Plaintiff incorporates by reference as if fully set forth herein paragraphs 1 through paragraph 71.

73   Plaintiff alleges on information and belief that Task Force members and other law enforcement personnel did conspire to move the vehicles and evidence associated with the incident so as to provide justification for their use of force.

74   To wit, Plaintiff alleges that bumpers and other items were relocated directly after the shooting and that the Pathfinder was rolled or moved away from its resting place after the accident.

75   These acts were committed for the sole purpose of making it look like the Blazer initiated the collision and to allow the defendants to deprive plaintiff of his 4th Amendment Rights.

WHEREFORE, Plaintiff's demand judgment from the defendants for:

1.   General damages according to proof;

2.   Special damages for medical expenses according to proof;

3.   Exemplary damages according to proof;

4.   Attorney fees as allowed by statute;

5.   Injunctive relief as requested above;

6.   Costs of Suit; and

7.   Such other damages and relief as this court may deem just and proper.

Dated: November 8, 2016

The Law Firm of *Kallis* & Associates P.C.

_____/S/_____
Jeff Kallis
Co-Counsel for the Plaintiff

Law Office of Olmstead & Somers, LLC

Tom Olmstead
Co-Counsel for Plaintiff

Nelson v Weber et.al..
First Amended Complaint
C16 5680 BHS-JRC

The Law Office of Olmstead & Somers LLC
Tom Olmstead & Douglas Somers
P.O. Box 68
Poulsbo WA 98370   360-799-8980
Lawoffice@tomolmstead.com

M. Jeffery Kallis SBN 27855
The Law Firm of *Kallis* & Associates, P.C.
321 High School Rd D3 Bainbridge WA 98110
888-441 1529 or 206 317 6287

Page 13

Jeff_Kallis@Kallislaw.com