UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PATRICK W NELSON, et al.,

    Plaintiff,

v.

US FEDERAL MARSHAL'S SERVICE et al,.

    Defendants.

CASE NO. 3:16-CV-05680-BHS-JRC

ORDER ON MOTION TO STRIKE

Before the Court is (1) plaintiffs' motion to dismiss improperly pled affirmative defenses and strike improperly pled facts (Dkt. 24) (hereinafter "motion to strike") and (2) defendants' motion to stay the motion to strike (Dkt. 26). Although plaintiffs' style their motion as a motion to dismiss pursuant to Rule 12(b)(6), the Court finds that the motion is properly construed as a motion to strike pursuant to Rule 12(f). Because plaintiffs' failed to file their motion to strike

ORDER ON MOTION TO STRIKE - 1

within 21 days after defendants' answer was filed, the Court denies plaintiffs' motion (Dkt. 24) as untimely. The Court grants defendants' motion to stay (Dkt. 26).[1]

### DISCUSSION

**1. Motion to Stay (Dkt. 26)**

On February 9, 2017, defendants filed a motion to stay requesting that the Court stay plaintiffs' motion to strike (Dkt. 24) for thirty days as counsel for defendants was recently out of the office for a week to attend the birth of his child. Dkt. 26. Plaintiffs objected to defendants' request for an extension, arguing that their motion was not complex, was the "fodder of first and second year associates," and that simply because one attorney from the Attorney General's Office is on leave that does not mean it is "impractical for the other 573 attorneys in the AG's office to draft and file an opposition…." Dkt. 28 at 2.

Plaintiffs' objection is not well taken. Defendants have shown good cause for the extension and the motion is granted. The Court will consider defendants' response filed on February 27, 2017 (Dkt. 30) and plaintiffs' reply (Dkt. 31) in ruling on plaintiffs' motion to strike (Dkt. 24).

**2. Motion to Strike (Dkt. 24)**

Plaintiffs' style their motion as a "[Rule] 12(b)(6) Motion to Dismiss Improperly Pled Affirmative Defenses and to Strike Improperly Pled Facts." Dkt. 24 (hereinafter "motion to strike"). Plaintiffs seek to dismiss affirmative defenses: 1, 2, 3, 5, 6, 8, 9, 10, 11, and 12 and to

---

[1] Defendants have also filed a motion to amend their answer, which is noted for the Court's consideration on March 31, 2017. Dkt. 32. Defendants seek to amend their answer to reflect that defendants Poston and Weber were acting as United States Marshalls, not as Washington Department of Corrections employees. *See* Dkt. 32. Because defendants do not seek to amend their answer in accordance with plaintiffs' motion to strike, the motion to amend (Dkt. 32) does not render plaintiffs' motion to strike moot (Dkt. 24). Defendants' motion for summary judgment is also pending, and ready for the Court's consideration on April 21, 2017. Dkt. 36.

strike improper answers set forth in paragraphs: 24, 25, 26, 28, 32, 29, 43, 54, 5, and 58 in defendants' answer. *Id.* Plaintiffs argue that defendants' answer fails to allege enough facts to support their affirmative defenses under *Twombly* and *Iqbal*. Dkt. 24 at 7 (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007) and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009)). Defendants argue that the motion to strike should be denied because plaintiffs fail to comply with the Federal Rules of Civil Procedure in bringing their motion. Dkt. 30.

A Rule 12(b)(6) motion to dismiss "tests the legal sufficiency of a claim" and relies on matters within the complaint. *See Navarro v. Block,* 250 F.3d 729, 732 (9th Cir. 2001); Fed. R. Civ. Proc. 12(b)(6). To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

On the other hand, Federal Rule of Civil Procedure 12(f) provides that a court may, on its own or on a motion, "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The court may only strike material from a pleading if it falls within one of these five categories. *Whittlestone, Inc. v. Handi–Craft Co.,* 618 F.3d 970, 973–74 (9th Cir. 2010). Motions to strike "are generally disfavored because they are often used as delaying tactics and because of the limited importance of pleadings in federal practice." *Rosales v. Citibank,* 133 F.Supp.2d 1177, 1180 (N.D. Cal. 2001).

The leading treatise on federal procedure states:

> A motion to strike under Federal Rule 12(f) is the appropriate remedy for the elimination of redundant, immaterial, impertinent, or scandalous matter in any pleading, and is the primary procedure for objecting to an insufficient defense....Rule 12(f) also is designed to reinforce the requirement in Rule 8(e) that pleadings be simple, concise, and direct. However, as the cases make clear, it is

> neither an authorized nor a proper way to procure the dismissal of all or a part of a complaint, or a counterclaim, or to strike an opponent's affidavits.

Wright and Miller, 5C Fed. Prac. & Proc. Civ. § 1380 (3d ed.).

Moreover, in finding that "the "fair notice' required by the pleading standards only requires describing the defense in 'general terms[,]'" the Ninth Circuit arguably rejected applying the *Twombly* plausibility standard to pleading affirmative defenses. *Kohler v. Flava Enterprises, Inc.,* 779 F.3d 1016, 1019 (9th Cir. 2015), quoting Wright & Miller; *See also Walker v. Charter Communications Inc,* 2016 WL 3563483, *3 (D. Nev. 2016) (court found no reason to alter its position that *Iqbal* standard does not apply to affirmative defenses); *Federal Trade Commission v. Vemma Nutrition Company*, 2016 WL 3548762, *1 (D. Ariz. 2016) (*Twombly* standard does not apply to affirmative defenses).

Plaintiffs cite to case law from district courts in California in support of their motion. *See* Dkt. 24. However, none of these cases are binding on this court, nor do they stand for the proposition that the proper vehicle to raise such issues is a Rule 12(b)(6) motion to dismiss, instead of a Rule 12(f) motion to strike. For example, defendants cite to *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1170 (N.D. Cal. 2010), which held that *Twombly* and *Iqbal* applied to the pleading of affirmative defenses, but considered the issue pursuant to a Rule 12(f) motion to strike.  Dkt. 24 at 8 (citing *Qarbon.com Inc. v. eHelp Corp.,* 315 F.Supp. 2d 1046, 1050 (N.D. Cal. 2004) (striking affirmative defenses under Rule 12(f) for failure to allege factual basis); *Ganley v. Cty. of San Mateo,* 2007 WL 902551, at *2 (N.D. Cal. Mar. 22, 2007) (same); *Smith v. Wal-Mart Stores*, 2006 WL 2711468, at *2 (N.D. Cal. Sept. 20, 2006) (same)).

Thus, because plaintiffs seek to strike various affirmative defenses and allegations, their motion in substance is a Rule 12(f) motion to strike and should be properly treated as such. *See*

*U.S. v. Retta,* 840 F. Supp. 2d 262, 268 (D.D.C. 2012) (interpreting Rule 12(b)(6) motion as Rule 12(f) motion) (citing *See Simba v. Fenty,* 754 F.Supp.2d 19, 23 (D.D.C. 2010) (stating that Rule 12(f) Motion to Strike, not Rule 12(b)(6) Motion to Dismiss, is appropriate means of challenging remedy)).

Federal Rule of Civil Procedure 12(f) states:

> The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:
>
> (1) on its own; or
>
> (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

Although defendants do not challenge the timeliness of plaintiffs' motion, under the plain language of Rule 12(f)(2), the motion is untimely. Defendants filed their answer on December 28, 2016. Dkt. 19. Plaintiffs were served with the answer on the same day, via the Court's CM/ECF electronic filing system. *See id.* The motion to strike was signed by plaintiffs' counsel on January 24, 2017, however it was not filed with the Court until February 3, 2017. Dkt. 24. Nevertheless, according to either date, plaintiff's motion was filed after the 21-day time period provided for in Rule 12(f)(2). While the court retains discretion to consider the arguments *sua sponte*, it declines to do so. *See* Fed. R. Civ. P. 12(f)(1) (allows the court to act "on its own" without a time restriction). Thus, the Court denies plaintiffs' motion (Dkt. 24) as untimely.

Dated this 17th day of March, 2017.

_____
J. Richard Creatura
United States Magistrate Judge