UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PATRICK WELDON NELSON, et al.,

    Plaintiffs,

v.

WEBER, et al.,

    Defendants.

CASE NO. 3:16-cv-05680 BHS JRC

ORDER GRANTING MOTION TO AMEND

Before the Court is defendants' motion for leave to file an amended answer. Dkt. 32. After filing an initial answer to plaintiff's complaint on December 28, 2016, defendants now seek leave to amend their answer to deny the allegation that defendants Poston and Weber were acting in their capacity as agents of the Department of Corrections acting under the color of state law at the time they arrested plaintiffs. Dkt. 32. Defendants seek to amend their complaint to admit that defendants Poston and Weber were operating as United States Marshals acting under federal law at the time of the arrest. *Id.* Plaintiffs argue that leave should be denied in this case because granting leave would be unduly prejudicial to their claim. Dkt. 38. Specifically, plaintiffs argue that if proven, defendants' admission that defendants Poston and Weber were

acting as federal employees would result in dismissal of their claims, thereby constituting undue prejudice. Dkt. 38. Plaintiffs also request oral argument. Dkt. 38. The Court finds that this matter is appropriate for disposition without a hearing and for the following reasons, defendants' motion is granted. *See* Fed. R. Civ. P. 78; Local Rule 7(b)(4).

DISCUSSION

Federal Rule of Civil Procedure 15(a) governs amendments to pleadings. It instructs that where, as here, a party seeks to amend a pleading more than 21 days after serving it, that party may amend its pleading "only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The policy of Rule 15(a) to grant leave freely when justice requires is to be applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). In determining whether leave to amend is appropriate, the district court considers 'the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility.'" *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (*quoting Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999)). "Bald assertions of prejudice cannot overcome the strong policy reflected in Rule 15(a) to 'facilitate a proper disposition on the merits.' " *Hurn v. Ret. Fund Trust of the Plumbing, Heating & Piping Indus.*, 648 F.2d 1252, 1254 (9th Cir. 1981) (quoting *Conley v. Gibson*, 355 U.S. 41, 48 (1957)). The denial of a motion for leave to amend pursuant to Rule 15(a) is reviewed "for abuse of discretion and in light of the strong public policy permitting amendment." *Systems, Inc. v. City of Mesa*, 997 F.2d 604, 614 (9th Cir. 1993).

Here, plaintiffs argue that allowing defendants to amend their answer could result in dismissal of plaintiffs' claims, arguing that plaintiffs will have to convert their 42 U.S.C. § 1983 complaint to a *Bivens* complaint.[1] Dkt. 38. While the Court makes no assessment of the merits of defendants' answer, denying leave to amend the answer to include such a denial on grounds that it could negatively impact the outcome of plaintiff claim is not the type of unfair prejudice intended by Rule 15. The Court is afforded broad discretion in granting or denying amendments of pleadings and in this case, granting defendants leave to amend their answer will not prevent plaintiffs from having a full opportunity to present facts or evidence with respect to the merits of their claims. *Cf. Heyl & Patterson Int'l, Inc. v. F. D. Rich Hous. of Virgin Islands, Inc.*, 663 F.2d 419, 426 (3d Cir. 1981) (noting that the party opposing the motion to amend "has a heavier burden than merely claiming prejudice, it must show that it [would be] unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered"). Thus, the Court does not find any prejudice to plaintiffs in allowing defendants to amend their answer, and grants defendants' motion (Dkt. 32). The Clerk is directed to docket the Proposed First Amended Answer that defendants submitted with their motion (Dkt. 33 at 7-17) as defendants' First Amended Answer to plaintiffs' complaint.

Dated this 19th day of April, 2017.

J. Richard Creatura
United States Magistrate Judge

---

[1] "*Bivens* [*v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971)] established that compensable injury to a constitutionally protected interest [by federal officials] could be vindicated by a suit for damages invoking the general federal-question jurisdiction of the federal courts[.]" *Butz v. Economou*, 438 U.S. 478, 486 (1978); *see also Wilkie v. Robbins*, 551 U.S. 537, 549-50 (2007). "Actions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*." *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991) (borrowing state personal-injury statute of limitations for *Bivens* action).