UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PATRICK W. NELSON, et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>NICHOLAS WEBER, et al.,<br><br>　　　　　Defendants. | CASE NO. C16-5680 BHS-JRC<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

　　　This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable J. Richard Creatura, United States Magistrate Judge (Dkt. 46), and Plaintiffs' objections to the R&R (Dkt. 48).

　　　The procedural and factual background of this case is set forth in the R&R. Dkt. 46 at 2–3. Judge Creatura issued the R&R on May 19, 2017. Dkt. 46. On June 2, 2017, Plaintiffs filed objections. Dkt. 48. On June 23, 2017, Defendants responded to the objections. Dkt. 50

　　　The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or

modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.  Fed. R. Civ. P. 72(b)(3).

Plaintiffs argue that the R&R improperly characterizes their argument that the defendants may be liable under 42 U.S.C. § 1983 pursuant to the liability provisions of the memorandum of understanding ("MOU") between the United States Marshall's Service and the Washington State Department of Corrections. However, while Plaintiffs' argument aptly addresses the Department of Corrections' potential liability to compensate damages arising from the actions of its employees assigned to the Pacific Northwest Violent Offender Task Force, the Court is not convinced that the liability provisions of the MOU create a genuine issue of fact regarding whether the Defendants were acting under the "color of state law."

As the R&R indicates, even viewing the evidence in the light most favorable to Plaintiffs, the record plainly establishes that the Defendants were acting in their capacity as special deputies clothed in the power and authority of the United States Marshall's Service when they arrested Plaintiffs. *See* Dkt. 46 at 7–8. This is true whether or not the Department of Corrections was contractually obligated to compensate any tort liabilities of the Defendants pursuant to the MOU. Accordingly, the Court adopts the R&R's conclusion that Plaintiffs' claims must be reframed under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), because the alleged actions giving rise to the claims were committed while Defendants were acting as federal agents—not while they were acting "in the name and for [Washington] State . . . clothed with the State's power." *See Screws v. United States*, 325 U.S. 91, 110 (1945) (quotation and citation omitted). *See also* Dkt.

46 at 6–7 (collecting cases). The Court does not see how this will prejudice Plaintiffs in their constitutional claims, as the Court will grant them leave to file an amended complaint and "[a]ctions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*." *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991).

Therefore, the Court having considered the R&R, Plaintiffs' objections, and the remaining record, does hereby find and order as follows:

(1)  The R&R is **ADOPTED**; and

(2)  Plaintiffs' 42 U.S.C. §§ 1983, 1985, and state law battery claims are **DISMISSED**;

(3)  Plaintiffs are **GRANTED leave to amend** their complaint to bring claims under *Bivens*, including claims based on conspiracy between the Defendants to deprive Plaintiffs of their constitutional rights, to be filed no later than August 4, 2017;[1] and

(4)  This case shall be re-referred to Judge Creatura for further proceedings.

Dated this 17th day of July, 2017.

BENJAMIN H. SETTLE
United States District Judge

---

[1] Failure to file a timely amended complaint in accordance with this Order can constitute a failure to diligently prosecute the claims and may result in dismissal with prejudice.