UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PATRICK W. NELSON,<br><br>              Plaintiff,<br><br>v.<br><br>NICHOLAS WEBER, et al.,<br><br>              Defendants. | CASE NO. 3:16-cv-05680-BHS-JRC<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR: NOVEMBER 24, 2017 |

This 42 U.S.C. § 1983 civil rights matter has been referred to Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. §§ 636 (b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4.

Defendants have filed a motion for judgment on the pleadings. They argue that plaintiffs inappropriately raise a battery claim that was previously dismissed by this Court, that plaintiffs cannot recover in a *Bivens* action by suing defendants in their official capacities, and that plaintiffs cannot recover attorney fees pursuant to 42 U.S.C. § 1988. Because the Court finds defendants' arguments persuasive, the Court recommends granting defendants' motion.

## BACKGROUND

Plaintiffs originally filed this action *pro se* in August of 2016. Dkt. 1. Plaintiffs obtained counsel in October 2016 and filed an amended complaint in December 2016. Dkts. 9, 15. Defendants filed their answer that same month. Dkt. 19. Defendants subsequently filed a motion for summary judgment. Dkt. 36. The Court recommended that the motion be granted with leave to file an amended complaint, and the Honorable Benjamin H. Settle adopted the recommendation. Dkts. 46, 51.

Pursuant to the District Court's order, plaintiffs filed a second amended complaint. Dkt. 52. Defendants responded by filing a motion for judgment on the pleadings. Dkt. 54. Plaintiffs responded and defendants filed a reply. Dkts. 56, 57.

## STANDARD OF REVIEW

Defendants move for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Dkt. 54. A motion for a judgment on the pleadings "is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law." *Fajardo v. County of Los Angeles,* 179 F.3d 698, 699 (9th Cir. 1999). Because a Rule 12(b)(6) motion to dismiss and a Rule 12(c) motion are functionally identical, the motion to dismiss standard applies to Rule 12(c) motions. *Dworkin v. Hustler Magazine Inc.,* 867 F.2d 1188, 1192 (9th Cir. 1989).

A motion to dismiss can be granted only if plaintiffs' amended complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level". *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545 (2007).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 556, 570).

## DISCUSSION

The District Court, in adopting this Court's report and recommendation regarding the previous motion for summary judgment, noted that defendants were federal officers at the time of the alleged incidents. "Federal officers acting under federal authority are immune from suit under § 1983 unless the state or its agents significantly participated in the challenged activity." *Gibson v. United States*, 781 F.2d 1334, 1343 (9th Cir. 1986). *Bivens* actions are the judicially crafted counterparts to § 1983. *Bivens* actions enable victims to sue individual federal officers for damages resulting from violations of constitutional rights. *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). To state a claim under *Bivens*, a plaintiff must allege facts showing that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a federal actor. *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991). "Actions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*." *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991) (borrowing state personal-injury statute of limitations for *Bivens* action).

### I. Battery Claims

In their motion for judgment on the pleadings, defendants first claim that plaintiffs are attempting to bring state law battery claims that this Court has already dismissed with prejudice. However, plaintiffs appear to bring these battery claims under the Federal Tort Claims Act ("FTCA"), codified at 28 U.S.C. § 1346(b). The FTCA allows for recovery for the "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission" of

federal actors. 28 U.S.C. § 1346(b)(1). Under this act, state law provides the substantive law governing the claim. *Conrad v. United States*, 447 F.3d 760, 767 (9th Cir. 2006).

Further, claims under the FTCA are subject to a two-year statute of limitations. *See* 28 U.S.C. § 2401. However, a party may be excused from not filing within the prescribed timeframe if it can demonstrate equitable tolling. *See Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1047 (9th Cir. 2013). In the FTCA context, there is a presumption in favor of equitable tolling. *Id*. A litigant seeking equitable tolling "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). To show diligence in pursuing his rights, the plaintiff must expend "the effort that a reasonable person might be expected to deliver under his or her particular circumstances." *Doe v. Busby*, 661 F.3d 1001, 1015 (9th Cir. 2011). To demonstrate an extraordinary circumstance, plaintiffs must show "litigants are unable to file timely [documents] as a result of external circumstances beyond their direct control." *Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir. 2008).

Here, though plaintiffs filed a new federal action under the FTCA, their battery claims are still time-barred. Plaintiffs raise their FTCA for the first time in their amended complaint, filed August 1, 2017. However, plaintiffs' cause of action accrued when they were allegedly battered by defendants on April 28, 2014. Because the two-year statute of limitations expired on April 28, 2016, plaintiffs did not bring their battery claim in a timely manner.

Nonetheless, plaintiffs argue that their battery cause of action should be equitably tolled until July of 2017, stating that plaintiffs could not have known defendants were federal agents until this Court so ruled. However, this Court's ruling is not an extraordinary circumstance that prevented them from filing their action. Plaintiffs' misapprehension of defendants' status as

federal agents is not some external circumstance beyond their control that made them unable to timely file the claim. To the contrary, plaintiffs have been on notice for some time that defendants were federal agents. As noted in this Court's previous Report and Recommendation regarding defendants' previous Motion for Summary Judgment:

> The investigation report provides that Kitsap County delegated primary fugitive apprehension responsibility of plaintiff Nelson to the USMS Violent Offender Task Force. Dkt. 42-1, Exhibit 3. The probable cause statement states that defendants Weber and Poston were acting as members of the USMS Task Force when they arrested plaintiffs. Dkt. 42-1, Exhibit 3 ("At approximately 1719, members of the US Marshal Task Force observed Nelson … Task Force Officer Weber and Task Force Officer Poston alerted other task force members of the location of the [plaintiffs' vehicle]."). Thus, the evidence shows that defendants Weber and Poston were acting in their capacity as special deputies with the USMS, a federal agency, and pursuant to federal statute when they arrested plaintiffs.

Dkt 46, page 8.

Plaintiffs have not demonstrated some extraordinary circumstances stood in their way preventing them from pursuing their battery claim within the statute of limitations. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Therefore, plaintiffs have not shown that equitable tolling is appropriate here.

Furthermore, plaintiffs have not demonstrated that they have been pursuing their battery claim diligently, as required by *Pace v. DiGuglielmo*. Plaintiffs' cause of action accrued when they were allegedly battered by defendants. However, they filed this action on August 16, 2016, which was more than two years from the April 28, 2014 incident. Plaintiffs could not have brought this battery claim when they first filed. Thus, it would not be equitable to relieve them of their obligation to file their battery claim within the statute of limitations. Therefore, the Court recommends defendants' motion be granted and this battery claim be dismissed.

//

//

## II. *Bivens* Claim Against Defendants In Their Official Capacities

Defendants next claim that plaintiffs improperly brought this *Bivens* action against them in both their individual and official capacities. *Bivens* challenges are a court-recognized "implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001). Plaintiffs may properly seek "to hold federal officers individually liable for constitutional violations." *Starr v. Baca*, 652 F.3d 1202, 1206 (9th Cir. 2011). However, *Bivens* actions may not be brought against federal actors in their official capacities because that "would merely be another way of pleading an action against the United States, which would be barred by the doctrine of sovereign immunity." *Consejo de Desarrollo Economico de Mexicali, A.C. v. United States*, 482 F.3d 1157, 1173 (9th Cir. 2007).

Here, plaintiffs cannot seek relief through a *Bivens* action from defendants in their official capacities. As the Court noted in its previous report and recommendation (Dkt. 46) adopted by Judge Settle, defendants were acting under color of federal law when the alleged wrongdoing occurred. Therefore, they are federal actors under *Bivens*. However, to hold defendants liable in their official capacities would be to bring claims against the United States itself -- an action barred by sovereign immunity. *Consejo*, 482 F.3d at 1173. Therefore, the Court recommends the claims against defendants in their official capacities be dismissed. However, plaintiffs' *Bivens* claims against defendants in their individual capacities should move forward on the merits.

## III. Fees for *Bivens* Action under § 1988

Defendants finally argue that, because this is a *Bivens* action and not a § 1983 action, plaintiffs improperly attempt to apply 42 U.S.C. § 1988 to acquire attorney fees. The Court

1 agrees. Section 1988 only pertains to attorney fees for § 1983 claims. Therefore, it is not applicable to *Bivens* actions and it should not be applied here. The Court recommends granting defendants' motion as to plaintiffs' request for § 1988 attorney fees. Whether other attorney fees are appropriate is a question this Court will not address here, but will leave for the District Court to decide at the appropriate time.

## CONCLUSION

For the reasons set forth above, the Court recommends that defendants' motion be granted. The District Court should dismiss plaintiffs' battery claim, any *Bivens* claims that purport to sue defendants in their official capacities, and plaintiffs' request for attorney fees under 42 U.S.C. § 1988. Their remaining *Bivens* claims seeking relief from defendants in their individual capacities should proceed on the merits.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **November 24, 2017** as noted in the caption.

Dated this 27th day of October, 2017.

J. Richard Creatura
United States Magistrate Judge