UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PATRICK W. NELSON,<br><br>                Plaintiff,<br><br>     v.<br><br>U.S. FEDERAL MARSHAL'S SERVICE, *et al.*,<br><br>                Defendants. | CASE NO. 3:16-cv-05680-BHS-JRC<br><br>ORDER GRANTING STIPULATED MOTION TO SEAL |

This matter has been referred to Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. §§ 636 (b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4. Pending before the Court is a stipulated motion to seal. Dkt. 88.

In support of their summary judgment motion, defendants provide a declination of prosecution that they request to have sealed. *See* Dkt. 88, at 1. Defendants state that the declination is a confidential memorandum that contains investigative records and/or work product protected by the Washington State Public Records Act ("PRA") and non-disclosable non-conviction data under RCW 10.97.030. *See* Dkt. 88, at 1–2.

1   "There is a strong presumption of public access to the court's files." Local Civil Rule

2 ("LCR") 5(g). A party seeking to overcome the policy against sealing documents "must explore

3 all alternatives to filing a document under seal." LCR 5(g)(1). If redaction is not possible, then

4 a party may, as relevant here, file a stipulated motion to seal a document. LCR 5(g)(2)(B). The

5 motion to seal must include—

> (A) a certification that the party has met and conferred with all other parties in an attempt to reach agreement on the need to file the document under seal, to minimize the amount of material filed under seal, and to explore redaction and other alternatives to filing under seal; this certification must list the date, manner, and participants of the conference;
> (B) a specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of:
>  i. the legitimate private or public interests that warrant the relief sought;
>  ii. the injury that will result if the relief sought is not granted; and
>  iii. why a less restrictive alternative to the relief sought is not sufficient.

LCR 5(g)(3).

  Defendants have substantially complied with the procedural requirements to seal the declination, as they state that on October 17, 2019, they conferred telephonically with plaintiffs' counsel, identified this document as the minimal amount of material to be filed under seal, and determined that redaction is not possible.

  "Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). The Court does not address whether the PRA or RCW 10.97.030 require sealing the declination because the declination is work product of the Kitsap County Prosecutor's Office. The declination includes a notice that it is confidential attorney work product and attorney-client communications. The Court finds that the public interest in accessing the courts does not outweigh the compelling need to honor the

1 | attorney-client privilege.  *Accord Specialty Surplus Ins. Co. v. Lexington Ins. Co.*, C-06-
2 | 5246RJB, 2007 WL 2404703, at *18 (W.D. Wash. Aug. 17, 2007).

Therefore, the stipulated motion to seal (Dkt. 88) is granted.  The Clerk will update the docket to reflect that Dkt. 94 will remain under seal unless there is further order of the Court.

Dated this 21st day of October, 2019.

J. Richard Creatura
United States Magistrate Judge