UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PATRICK W. NELSON and COLETTE RAPP,<br><br>　　　　　　　Plaintiffs,<br><br>　v.<br><br>NICHOLAS WEBER and MICHAEL POSTON,<br><br>　　　　　　　Defendants. | CASE NO. C16-5680 BHS<br><br>ORDER ADOPTING AND MODIFYING REPORT AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable J. Richard Creatura, United States Magistrate Judge, Dkt. 112, and Plaintiff Patrick Nelson ("Nelson") and Collette Rapp's ("Plaintiffs") objections to the R&R, Dkt. 113.

On Febraury 13, 2020, Judge Creatura issued the R&R recommending that the Court grant Defendants Nicholas Weber ("Weber") and Michael Poston's ("Poston") (collectively "Defendants") motion for summary judgment. Dkt. 112. On February 27, 2020, Plaintiffs filed objections. Dkt. 113. On March 12, 2020, Defendants responded. Dkt. 114.

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or

modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

In this case, Plaintiffs assert two claims for excessive force. First, Plaintiffs argue that Weber used excessive force by using his vehicle to ram Plaintiffs' vehicle. Judge Creatura concludes that Defendants are entitled to qualified immunity because there was no clearly established law holding that Weber used his vehicle to ram Plaintiffs' vehicle was a constitutional violation. Dkt. 112 at 11–14. The Court agrees because Plaintiffs have failed to cite any authority to establish that Weber's use of his vehicle to stop Plaintiffs' vehicle was an unlawful seizure. Plaintiffs' objections are the same arguments that Judge Creatura rejected as relating to cases involving officers shooting at suspects fleeing in vehicles and address the issue at too high a level of generality. Dkt. 112 at 14. Therefore, the Court adopts the R&R on this issue.

Second, Plaintiffs argue that Weber violated their rights by shooting Nelson after the collision. Judge Creatura concludes that Plaintiffs have failed to establish a violation of their constitutional rights because the undisputed facts establish that Nelson made a furtive movement immediately before Weber starting shooting. Dkt. 112 at 15–19. Although Nelson declares that he raised his hands to protect himself after Weber started shooting, Plaintiffs offer no evidence to dispute Weber's testimony that he saw Nelson's right shoulder move backward and left shoulder move forward as if Nelson was reaching for a weapon below Weber's line of sight. The Court agrees with Judge Creatura that given the totality of the circumstances, Weber reasonably perceived an imminent threat of harm. Weber was pursuing Nelson as a suspect in the burglary of a gun store, some of

the weapons from that burglary had not yet been recovered, and knew that Nelson had prior violent felonies as well as a felony for attempting to elude. Therefore, the Court adopts the R&R on this issue.

Finally, the Court recognizes that some jurists could agree with Plaintiffs that either (1) questions of fact exist as to Weber's credibility on events immediately after the car collision given his injuries and the deployed air bag or (2) Weber violated Nelson's rights because the shoulder movement did not rise to the level of an imminent threat. Thus, the Court also grants Defendants' motion as to qualified immunity on this claim because Plaintiffs have failed to show that the law was clearly established at the time of shooting such that Nelson's shoulder movement did not rise to the level of an imminent threat in the totality of the circumstances.

Therefore, the Court having considered the R&R, Plaintiff's objections, and the remaining record, does hereby find and order as follows:

(1) The R&R is **ADOPTED** and **MODIFIED**;

(2) Defendants' motion for summary judgment, Dkt. 89, is **GRANTED** as stated herein; and

(3) The Clerk shall enter a JUDGMENT and close the case.

Dated this 28th day of May, 2020.

BENJAMIN H. SETTLE
United States District Judge